UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GILBERT CARRIZALES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-82 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR
EVIDENTIARY HEARING, FOR LEAVE TO CONDUCT DISCOVERY, AND
FOR APPOINTMENT OF COUNSEL**

Petitioner, an inmate at TDCJ's Eastham Unit, filed this § 2254 Petition on March 25, 2013, challenging his Nueces County conviction for aggravated sexual assault of a child (D.E. 1, 12, 14). Respondent has filed a motion for summary judgment that the petition is unexhausted and barred by limitations (D.E. 14). The merits of the petition were not briefed. Pending are Petitioner's motions for an evidentiary hearing (D.E. 20), for leave to conduct discovery (D.E. 21), and for appointment of counsel (D.E. 22).

Rule 6, Rules Governing Section 2254 Cases, requires leave of court to conduct discovery. The motion must be supported by reasons. *Id.* Petitioner is requesting discovery that relates to addressing the merits of his petition. He wants discovery from the medical examiner involved in the investigation and trial of his case. At this time the discovery Petitioner seeks is unnecessary. The court must first evaluate the issues raised in the motion for summary judgment, that is, whether the petition is barred by limitations or because of failure to exhaust. The motion is denied without prejudice. Petitioner may

re-urge his motion if his petition is not dismissed for failure to exhaust or as barred by limitations.

Petitioner has also requested appointment of counsel.  There is no constitutional right to counsel in federal habeas proceedings.  *Johnson v. Hargett*,  978 F.2d 855 (5th Cir. 1992).  Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing.  The issues raised in the motion for summary judgment relate to limitations and exhaustion.  No evidentiary hearing is required at this time.  At this stage of the proceedings, an evidentiary hearing is unnecessary, and appointment of counsel at this time is not warranted.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing.  Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident.  Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's motions for leave to conduct discovery, for appointment of counsel, and for an evidentiary hearing (D.E. 20, 21, 22) are denied without prejudice.

ORDERED this 21st day of October, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE