UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GILBERT CARRIZALES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-82 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Eastham Unit in Lovelady, Texas. The actions about which he complains occurred in Nueces County, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on March 20, 2013[1] and filed an amended petition on May 22, 2013 (D.E. 1, 4, 12). The underlying conviction which is the subject of the petition is a 2001 Nueces County conviction for aggravated sexual assault of a child and indecency with a child. Petitioner claims that his constitutional rights were violated during the trial.

Respondent filed a motion for summary judgment on June 11, 2013, to which Petitioner responded on August 28, 2013 (D.E. 14, 19). For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be dismissed with prejudice as time

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on March 20, 2013 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

barred, unexhausted, and procedurally barred. It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331. Petitioner was convicted in Nueces County, Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner was indicted and subsequently reindicted on July 30, 1998 with one count of aggravated sexual assault of a child and one count of indecency with a child for an incident alleged to have occurred on September 15, 1995. *Ex Parte Carrizales*, WR-59,416-01, Event Date 06/22/2004 at 65-66 (D.E. 13-18 at 69-70). The indictments followed an outcry by Petitioner's step-daughter that Petitioner had sexually abused her two years earlier, when she was eleven years old. Following a jury trial in the 214th District Court of Nueces County, Texas, Petitioner was convicted of both counts on October 30, 2001 and pleaded true to two previous convictions. He was sentenced by the court to thirty-five years on each count, with the sentences to run concurrently. *Id.* at 69-71 (D.E. 13-18 at 73-75).

Petitioner filed a direct appeal and the Thirteenth Court of Appeals affirmed the conviction on June 19, 2003. *Carrizales v. State*, No. 13-01-765-CR, 2003 WL 25580005 (Tex. App.—Corpus Christi 2003, pet. ref'd)(not designated for publication)(located herein at D.E. 13-7). Petitioner sought a petition for discretionary

review (PDR) and it was refused on March 5, 2004. *Carrizales v. State*, No. PD-1330-03 (D.E. 13-2).

Petitioner filed an application for habeas corpus relief in state court on May 26, 2004. *Ex Parte Carrizales*, WR-59,416-01, Event Date 06/22/2004 at 2-24 (D.E. 13-18 at 6-28). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on July 7, 2004. *Ex Parte Carrizales*, WR-59,416-01, Event Date 06/22/2004 at "Action Taken" page (D.E. 13-18 at 2).[2]

Petitioner filed a second application for habeas relief in state court on May 13, 2005. *Ex Parte Carrizales,* WR-59,416-02, Event Date 06/07/2005 at 2-39 (D.E. 13-19 at 6-43). On August 31, 2005 the application was denied without written order on the findings of the trial court without a hearing. *Id.* at "Action Taken" page (D.E. 13-19 at 2).

Petitioner alleges the following in his amended petition: (1) The jurors violated their oaths by not properly assessing the law regarding the elements necessary to convict under the indictment; (2) The prosecutor failed to present all the relevant evidence to the jury; (3) The prosecutor did not present medical evidence which weighed in Petitioner's

---

[2] A few days before the Texas Court of Criminal appeals denied the application, Petitioner filed a motion with the court asking that his application be dismissed because it was incomplete. *Ex Parte Carrizales*, WR-59,416-01, Event Date 07/01/2004 (D.E. 13-17 at 4-6). There is a second "Action Taken" page in the file showing the application was ordered "Dismissed" on July 21, 2004. *Id.* at "Action Taken" page (D.E. 13-17 at 2). *Ex Parte Carrizales*, WR-59,416-01, Event Date 06/22/2004 at 2-24 (D.E. 13-18 at 6-28).

favor and (4) The prosecutor did not present material favorable to Petitioner which would have shown that he is actually innocent of the charges.

In his motion for summary judgment, Respondent argues that Petitioner's cause of action is time-barred as well as unexhausted and procedurally defaulted. Petitioner counters that the cause of action is not time-barred because he has evidence that he is actually innocent of the crimes.

## APPLICABLE LAW

### A. Statute of Limitations

Respondent argues that petitioner's application for habeas corpus was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on June 28, 2004, ninety days after his PDR was refused by the Texas Court of Criminal Appeals and the time expired for filing a writ of certiorari with the United States Supreme Court.  SUP. CT. R. 13.1.  He had one year from that date, or until June 28, 2005, to file his petition.  He did not file it until March 20, 2013, almost eight years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  See also *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).

Petitioner filed his first state habeas petition on May 26, 2004 and using the date of dismissal rather than the date of denial, it was pending until July 21, 2004, or a total of 57 days.  That extended his federal court filing date from June 28, 2005 to August 24, 2005.  While Petitioner's first habeas action was pending, he filed his second state habeas petition on May 13, 2005 and it was pending until August 31, 2005, a total of 110 days.  Adding 110 days to the August 24, 2005 deadline extended it to December 12, 2005.

Because Petitioner did not file his federal court petition until March 20, 2013, it is barred by the statute of limitations.

Petitioner argues that he is actually innocent of the charges and thus should be excused from the limitations bar, citing in support *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). There, the Supreme Court held that the AEDPA statute of limitations can be overcome by a showing of actual innocence. *Id.* at 1928. The Court cautioned that tenable actual-innocence gateway claims are rare. "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In support of his actual innocence claim, Petitioner submits his own declaration and copies of medical records pertaining to the victim that were not entered into evidence at trial. Petitioner states in the declaration that his former common-law wife was living with a new boyfriend and had custody of Petitioner's son. The victim was also living with Petitioner's ex-wife (her mother) and the boyfriend. When Petitioner picked up his son for a visit, he noticed bruising on the child's arm and the child said his mother's boyfriend had injured his arm. Petitioner reported to the police that the boyfriend had abused his son. An officer investigated the allegations and the victim fabricated the charges against Petitioner in retaliation for his having called the police to their house (Decl. of Gilbert Carrizales, Ex. 1 to Resp. to MSJ; D.E. 19-1 at 2-4).

This evidence is not new. Petitioner testified at trial and this information was known to him at that time. He testified that the reason the victim made the outcry against

him was that he was not her real father and because he and her mother were having problems in their marriage (2 R.R. 24-25, 28; D.E. 13-15 at 25-26, 28). Petitioner's affidavit is insufficient to meet the threshold actual innocence requirement.

Petitioner also submitted documents produced when the victim was examined by a sexual assault examiner after she made her outcry of abuse. No trauma was observed to the victim's genital area and the social worker noted that the victim stated that Petitioner touched her on the outside of her clothes (Ex. 1 to Resp. to MSJ; D.E. 19-1 at 7-10). Again, this evidence is not new but existed at the time of trial. However, even if Petitioner did not know about the evidence until recently, if it had been presented to the jury it does not lead to the conclusion that, no juror, acting reasonably, would have voted to find Petitioner guilty beyond a reasonable doubt. Because the victim's outcry occurred more than two years after Petitioner was accused of sexually assaulting her, the lack of physical trauma would probably have had little, if any, effect on the jury. Also, the victim testified at trial that Petitioner touched her under her clothes (2 R.R. 8-12; D.E. 13-15 at 9-13). While Petitioner's attorney might have impeached the victim with the earlier statement that Petitioner had touched her on top of her clothes, the jury could have chosen to believe her testimony under oath at trial over the initial report she made to the sexual assault examiner.

Petitioner has failed to make a showing of actual innocence sufficient to overcome the limitations bar. Accordingly, his habeas corpus cause of action should be dismissed as untimely.

**B. Exhaustion of State Remedies and Procedural Bar**

Respondent also contends that Petitioner's claims are unexhausted and procedurally barred. Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.1995). The exhaustion requirement "is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005)(citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

If a petitioner fails to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred, there is a procedural default for purposes of federal habeas. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991). The Texas Court of Criminal Appeals applies the abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)(citing *Ex Parte Barber*, 879 S.W.2d 889, 892 n. 1 (Tex.Cr.App. 1994)). See

also Tex. Code Crim. Proc. Art. 11.07 § 4 (subsequent habeas applications barred absent specific exceptions).

There are two exceptions to the procedural bar doctrine. A federal court can review the merits of a habeas claim if a petitioner shows cause for and prejudice from the procedural default. *Rocha v. Thaler*, 626 F.3d 815, 822 (5th Cir. 2010). In addition, a federal court can address the merits of a claim if the petitioner can show that failure to do so would result in a fundamental miscarriage of justice. *Id.* A petitioner can satisfy the fundamental-miscarriage-of- justice exception by showing by a preponderance of the evidence that he is actually innocent of the crime of which he has been convicted. *Id.* at 822-823.

Respondent asserts that although Petitioner brought two state habeas actions, he did not raise any of the four claims he brings in this federal habeas action. A review of Petitioner's state habeas writ application shows that Respondent is correct; Petitioner failed to raise any of his current claims in his state court petitions. Accordingly, they are unexhausted and procedurally barred.

Petitioner claims that he submitted a third habeas application to the state habeas court on January 3, 2012 and that it was dismissed as a subsequent application on January 16, 2012.[3] Petitioner contends that he exhausted his state court remedies when he filed the third habeas application. However, the merits of petitioner's claim were not addressed by the Texas Court of Criminal Appeals because he did not present it in a

---

[3] Those documents are not in the record, but it will be assumed for purposes of this motion that Petitioner filed the third state application.

procedurally correct manner and therefore, the claims are unexhausted. *See Castille v. Peoples*, 489 U.S. 346, 351(1989)(when petition raises claim in manner in which merits will not be considered, claim is not fairly presented to state courts and exhaustion is not satisfied) and *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989)(same). Because the merits of his third state application were not considered, Petitioner did not exhaust the issues and the claims should be dismissed as unexhausted and procedurally barred.

Petitioner has not argued cause for the procedural default or prejudice therefrom. To the extent he is arguing that the enforcement of the procedural bar would result in a fundamental miscarriage of justice, he has failed to show that he is actually innocent of the crimes of which he was convicted. Accordingly, his claims are unexhausted and procedurally barred.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations and exhaustion in this case is debatable. If the district court orders that Petitioner's habeas petition be denied

and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 14) be granted and Petitioner's application for habeas corpus relief be dismissed with prejudice as barred by limitations, unexhausted and procedurally barred. It is further recommended that a Certificate of Appealability be denied.

ORDERED this 5th day of November, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).