UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GILBERT CARRIZALES, | § | |
| | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-82 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
|     Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's motion for summary judgment. D.E. 14. On November 5, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Respondent's motion for summary judgment be granted. D.E. 24. Petitioner timely filed his objections on February 12, 2014. D.E. 33.

In her Memorandum and Recommendation, the Magistrate Judge found that Petitioner's action was time-barred, unexhausted, and procedurally barred. Petitioner does not contest the conclusion that his claim is unexhausted and procedurally barred or that his claim is time-barred. Rather, Petitioner urges that his failure to comply with procedural requirements is not fatal to his claim because he is actually innocent of the crime for which he was convicted.

In his objections, Petitioner alleges that the prosecutor and the police conspired to willfully and knowingly withhold evidence of his innocence—namely the record of a sexual assault examination conducted after the complaining witness made allegations of

abuse. Petitioner contends that the medical record proves that he is actually innocent of the first-degree felony for which he was convicted because the record provides that: (1) the complaining witness indicated she was touched while fully-clothed, and (2) there was no evidence of trauma to the vaginal area. Petitioner further asserts that the inadequate preparation of his court-appointed counsel prevented him from becoming aware of this purportedly exculpatory evidence until after he was tried and convicted.

The Supreme Court has held that both a procedural bar and the expiration of the AEDPA statute of limitations can be overcome by a showing of actual innocence. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013). "A petitioner does not meet the threshold requirement [for establishing actual innocence] unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Contrary to Petitioner's assertion, the evidence he relies on does not establish his actual innocence. At trial, the complaining witness testified under oath that Petitioner touched her under her clothing. D.E. 13-15, p. 9-11. Moreover, the examination relied upon by Petitioner occurred at least one year after the assault was said to have been committed—rendering any evidence of trauma unlikely. D.E. 19-1, p. 8. The purported discrepancies Petitioner points to are not determinative as to his innocence because a reasonable juror presented with this evidence could have believed the complaining witness's testimony at trial over her initial report to the sexual assault examiner. Furthermore, due to the significant delay between the assault and the examination, the

absence of physical trauma noted by the examiner would likely have had minimal, if any, probative value to a juror.  As a result, Petitioner has not persuaded this Court that, in light of this evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.  Because he has not made the necessary showing of actual innocence, Petitioner's action must be dismissed as time-barred and procedurally defaulted.  Petitioner's objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Respondent's motion for summary judgment (D.E. 14) is **GRANTED**, Petitioner's action (D.E. 1) is **DISMISSED** with prejudice, and Petitioner's motion for leave to conduct discovery (D.E. 31), motion for appointment of counsel (D.E. 34), and motion for evidentiary hearing (D.E. 35) are **DENIED** as moot.

ORDERED this 19th day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE